UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bruce Derrick Calhoun,<br><br>                                      Plaintiff,<br><br>vs.<br><br>County, San Diego, William Q. Hayes, Irma E. Gonzales, Erie Pennsylvania City Hall, Oceanside City Hall, Dana Sabraw, Stormes, Chase Bank, Grey Hound, UCSD, USD, City College, San Diego Chargers, SDSU Aztecs, U.S. Symbolic Motor Car Company, Remax, Air Force Academy, Hall of Justice Grand Jury, 500 West Hotel, Social Security, San Diego Sheriff Department, San Diego Fire Department, FBI, OSI, NSA, CIA,<br><br>                                      Defendants. | CASE NO. 10cv2263 MMA (WVG)<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*;**<br><br>[Doc. No. 2]<br><br>**(2) *SUA SPONTE* DISMISSING PLAINTIFF'S COMPLAINT AS FRIVOLOUS;**<br><br>**(3) DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL AS MOOT**<br><br>[Doc. No. 3] |

///
///
///
///
///

## **BACKGROUND**

On November 3, 2010, Plaintiff Bruce Derrick Calhoun, proceeding *pro se*, initiated this action by filing the Complaint. [Doc. No. 1.] Plaintiff also filed a Motion to Proceed *In Forma Pauperis* ("IFP") and a Request for Appointment of Counsel. [Doc. Nos. 2,3.]

## **ANALYSIS**

### I.    Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP under 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

In his affidavit supporting the motion to proceed IFP, Plaintiff states he is unemployed, receives $1074.00 per month in social security benefits, has a checking account with a balance of $5.00, and does not have any other significant assets such as a vehicle, real estate, stocks, bonds or securities. [Doc. No. 2.] The Court has reviewed Plaintiff's affidavit of assets and finds it is sufficient to show that Plaintiff is unable to pay the fees or post securities required to maintain this action. Accordingly, the Court grants Plaintiff's Motion to Proceed IFP under 28 U.S.C. § 1915(a).

### II.    Initial Screening Pursuant to 28. U.S.C. § 1915(e)(2)(b)

After granting IFP status, the Court must dismiss the case if it "fails to state a claim on which relief may be granted" or the action is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B). "[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)(noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). However, in giving liberal interpretation to a *pro se* complaint, the court may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

1  A complaint is frivolous where "it lacks an arguable basis either in law or fact. [The] term 'frivolous,' when applied to the complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *see also Martin v. Sias,* 88 F.3d 774, 775 (9th Cir. 1996). The Court need not accept the factual allegations as true, but must "pierce the veil of the complaint" to determine whether the allegations are "fanciful." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (internal citation omitted).

The following is an example of Plaintiff's allegations:

> These lying, raping murdering thieves attempted to murder me yesterday election Tuesday at the 500 West Hotel, 500 West Broadway San Diego, CA 92101, in the kitchen, in the bathroom, in the hallway, at the vending machines and in my room 224 . . . . You attempted to murder me again with entrapment as I filled out the paperwork in the 4th floor clerk's lobby as you have since November 2008. I am suing for the 14th time for 1.4 billion dollars, a beach house and Bugatti and the rich Calhoun family fortune. I will settle today for one beach house and one Bugatti.

[Doc. No. 1.]

Here, Plaintiff's complaint consists largely of notes and rambling, often-incomprehensible allegations scribbled over seventeen pages of various documents, including a prior order from the Court that dismissed Plaintiff's complaint in a prior case. [Case No. 10-CV-2049 WQH (NLS).] The Court dismisses the entirety of Plaintiff's Complaint as "frivolous" for "fail[ing] to state a claim on which relief may be granted" pursuant to 28 U.S.C. § 1915(e)(2)(B).

**III.   Appointment of Counsel**

In light of the Court's *sua sponte* dismissal of this action, Plaintiff's request for counsel is denied as moot. [Doc. No. 3.]

<u>CONCLUSION</u>

Good cause appearing, **IT IS HEREBY ORDERED** that:

(1)   Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* is **GRANTED**.

(2)   Plaintiff's Complaint is **DISMISSED** without prejudice as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B).

/ / /

/ / /

/ / /

      (3)    Plaintiff's request for counsel is **DENIED** as moot.

**IT IS SO ORDERED.**

DATED: November 8, 2010

*/s/ Michael M. Anello/*

Hon. Michael M. Anello
United States District Judge